Death Opinion












IN THE COURT OF CRIMINAL APPEALS

OF TEXAS






NO. AP-73,932






EX PARTE JAMES OTIS BROWN, Applicant






APPLICATION FOR WRIT OF HABEAS CORPUS

FROM DALLAS COUNTY





 Womack, J., filed a dissenting opinion.



 Although I agree with the court's opinion (Parts I and II, ante) that the applicant's failure
to appeal does not prevent his seeking relief by the writ of habeas corpus, I would defer to the
district judge's factual conclusion that the applicant failed to prove that Judge Baraka prejudged
his punishment. I agree with the "Burden of Proof" portion of Judge Keasler's opinion (post, at
7- 9).

 When a judge grants probation and warns the defendant that the court will impose the
maximum sentence if the defendant violates the conditions of probation, the judge could be
stating for the record a plan to prejudge the outcome of a subsequent hearing of a motion to
revoke probation. Or the judge's statement may be a rhetorical device to impress on the
defendant the importance of complying with the conditions. The appellate record of that
proceeding may not, and probably will, not show whether the judge's statement was one or the
other.

 If, in any such case, the court did impose the maximum sentence when a defendant was
proved to have violated the conditions, the sentence does not, by itself, show that there was a
prejudgment of punishment. Other facts in the appellate record might call for an appellate court
to vacate the sentence and remand the case to the trial court. But if there were no other
indications of prejudgment in the appellate record, the question could not be resolved in the
appellant's favor. In such a case, the writ of habeas corpus would be the procedure by which a
defendant could go outside the record for additional evidence.

 Two types of evidence, in particular, would be useful to the resolution of the issue. First,
an examination of other cases could show in what types of cases, and how often, the judge
threatened to impose the maximum sentence, and in what types of cases, and how often, the
judge actually assessed that punishment. A second source of relevant information beyond the
appellate record could be the judge's own testimony on the issue.

 In the convicting court, a successor judge found that Judge Baraka exhibited a pattern of
prejudgment of punishment. The judge noted that in several cases, Judge Baraka had told
defendants, when placing them on probation, that if they "messed up" he would impose the
maximum sentence at their revocation hearing, and that he did so. But from evidence introduced
at the hearing, the court found that in this case Judge Baraka imposed the maximum sentence
based on what he "learned about the applicant from what was before him during the original plea
and revocation hearing." I believe the record supports the judge's conclusion.



En banc.

Filed: January 12, 2005

Publish.